UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:08-cr-88-FtM-29MRM

GURMERCINDO BELTRAN
_____

                          **OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #169) filed on October 30, 2019, by and through appointed counsel. The government filed a Response in Opposition (Doc. #171) on November 13, 2019, opposing a reduction in defendant's sentence. For the reasons set forth below, the motion is denied.

                                  **I.**

     On June 4, 2008, a grand jury in Fort Myers, Florida returned a three-count Indictment (Doc. #1) charging defendant with two counts of possession with intent to distribute a detectable (but unspecified) amount of cocaine base, or crack cocaine, and one count of possession with intent to distribute a detectable (but unspecified) amount of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On November 20, 2008, a jury found defendant guilty of all three offenses. (Doc. #62.)

     According to the Presentence Report issued at the time, defendant's Base Offense Level was a level 26 after deducting two

levels because the cocaine base level was greater that the powder cocaine level. (Doc. #165, ¶ 17.) Defendant was determined, however, to be a career offender based on his prior felony convictions for resisting an officer with violence, fleeing/attempting to elude, and possession of cocaine with intent to sell, which resulted in an Enhanced Offense Level of 32. (Id., ¶¶ 26-27.) Defendant had a criminal history of category VI, both through the normal calculation of his criminal history (id. ¶¶ 46-48) and as a career offender (id. ¶ 49). As a result, the guideline range was 210 to 262 months of imprisonment. (Id., ¶ 76.) No count carried a mandatory minimum sentence.

On February 17, 2009, defendant was sentenced to 180 months imprisonment as to each count, to be served concurrently, followed by concurrent terms of 36 months supervised release. (Doc. #68.) Judgment (Doc. #69) was entered the next day.

On October 24, 2011, the Eleventh Circuit vacated its prior decision affirming the convictions and sentences, and remanded the case to reconsider the career offender enhancement in light of Johnson v. United States, 559 U.S. 133 (2010). (Doc. #111.) On March 5, 2012, defendant was resentenced to the same sentence since he remained a career offender with two qualifying prior felony convictions. (Docs. ## 125-126.) Defendant's request for a reduction in sentence pursuant to Amendment 782 of the Sentencing Guidelines was denied. (Doc. #162.)

**II.**

In 2010, Sections two and three of the Fair Sentencing Act of 2010 (FSA of 2010) lowered statutory penalties for certain offenses involving crack cocaine by raising the triggering amounts for enhanced penalties. FSA of 2010, Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372. Specifically, the statute reduced the disparity between the quantities of crack cocaine and cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). Id. § 2. In 2018, the First Step Act (FSA of 2018) made sections two and three of the FSA of 2010 retroactively applicable to defendants who were sentenced for a covered drug offense on or before the FSA of 2010's enactment on August 3, 2010. FSA of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5194.

The Court starts with the proposition that a district court has no inherent authority to modify a defendant's sentence, but rather may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). See also Dillon v. United States, 560 U.S. 817, 824 (2010). As relevant to this case, 18 U.S.C. § 3582(c) gives the district court the authority to "modify an imposed term of imprisonment to the extent. . .expressly permitted by statute. . . ." 18 U.S.C. § 3582(c)(1)(B).

The United States Probation Office filed a Memorandum indicating that the prior sentence was imposed with due consideration to the Fair Sentencing Act of 2010, and that the First Step Act did not reduce the applicable statutory penalties. Defense counsel disagrees, and argues that defendant is eligible for a reduction to time served.

The First Step Act authorizes, but does not require, a district court to "impose a reduced sentence as if sections 2 and 3 of the [FSA of 2010] were in effect at the time the covered offense was committed." Id. A "covered drug offense" is a drug offense for which the "statutory penalties" were "modified" by section two or three of the FSA of 2010. Id. § 404(a). The statutory penalties for the three offenses of conviction in this case were not modified by section two or three of the FSA of 2010.

Counts One and Three[1] charged possession with intent to distribute a detectable but unspecified amount of cocaine base pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and each carried a sentence of not more than 20 years imprisonment. Under Section 2 of the FSA of 2010, the Controlled Substances Act amended the penalties under 21 U.S.C. § 841 to strike 50 grams and insert 280 grams in subparagraph (b)(1)(A)(iii), and to strike 5 grams

---

[1] Count Two charged powdered cocaine, and therefore is not impacted by the First Step Act.

and insert 28 grams in subparagraph (b)(1)(B)(iii). 21 U.S.C. § 841. Defendant was not convicted under any offense which required a certain quantity of cocaine base, and was therefore not convicted of an offense whose statutory penalty was modified. Rather, defendant was convicted of offenses which were punishable under § 841(b)(1)(C), which was not changed or modified by the First Step Act. Since the § 841(b)(1)(C) penalty was not modified, defendant's offenses of conviction are not a "covered drug offense," and defendant is not eligible for a reduced sentence under the First Step Act.

Even if defendant were eligible, the Court finds, in the exercise of its discretionary authority, that defendant would not be entitled to relief under the First Step Act because of his career offender status. Based on defendant's career offender status, his Criminal History Category would remain at VI and the Enhanced Offense Level would remain at a 32, providing a current range of imprisonment of 210 to 262 months of imprisonment. Defendant's original sentence of 180 months was below the current guideline range, and therefore defendant would not benefit from application of the First Step Act. The Court finds no basis to exercise its discretion and further reduce defendant's sentence.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Reduce Sentence Pursuant to the First Step Act of 2018 (Doc. #171) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___15th___ day of November, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Copies:
AUSA
Counsel of record
U.S. Probation
U.S. Marshal